**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DARAYLE DEON CRUTCHER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 06-CV-094-JHP-PJC |
| | ) |
| **JUSTIN JONES, Director,** | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner appearing *pro se*. Presently before the Court are the claims asserted in the original petition (Dkt. # 1). Respondent filed a response (Dkt. # 12) and provided the state court record (Dkt. # 13) for the Court's use in resolving the claims. Petitioner filed a reply (Dkt. # 18). For the reasons discussed below, the Court finds the petition for writ of habeas corpus should be denied.

*BACKGROUND*

During the evening hours of August 26, 2002, police officers executed a search warrant at 1812 E. Xyler Street, located in Tulsa, Oklahoma. During the search of the residence, the officers found residency papers for Petitioner, Darayle Crutcher. They also found a baggie containing 254.3 grams of cocaine, a second baggie containing 1.31 grams of free base cocaine, a pink tablet identified as MDMA or ecstasy, and various items of drug paraphernalia, including baggies and scales. The police also found several firearms in the house.

Based on the results of the search of the residence, Petitioner was charged in Tulsa County District Court, Case No. CF-2002-4433, and convicted by a jury of Trafficking in Illegal Drugs (Cocaine) (Count 1), Failure to Obtain a Drug Tax Stamp (Count 2), Possession of a Controlled Drug (Ecstasy) (Count 3), all After Former Conviction of a Felony, and Unlawful Possession of

Paraphernalia (Count 4). The trial court judge sentenced Petitioner in accordance with the jury's recommendation to fifty (50) years imprisonment and a $80,000 fine on Count 1, five (5) years imprisonment and a $5,000 fine on Count 2, seven (7) years imprisonment and a $5,000 fine on Count 3, and one (1) year in the county jail and a $1,000 fine on Count 4. Counts 1, 3, and 4 were ordered to be served concurrently, and Count 2 was ordered to be served consecutive to Count 1. Petitioner was represented at trial by attorney Ronald L. Daniels.

Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented on appeal by attorney Mark P. Hoover, Petitioner raised three (3) propositions of error, as follows:

> Proposition 1: Appellant's separate sentences for a single act of possessing narcotics violated the prohibitions against double punishment for a single transaction.
>
> Proposition 2: The trial court erred when it allowed the State to introduce evidence of another crime without first making a showing that such evidence was admissible.
>
> Proposition 3: Under the facts and circumstances of this case, Appellant received excessive sentences.

(Dkt. # 12, Ex. 1). On June 25, 2004, in Case No. F-2003-487, the OCCA entered its unpublished summary opinion affirming the Judgment and Sentence of the trial court. (Dkt. # 12, Ex. 3).

Petitioner filed an application for post-conviction relief in Tulsa County District Court, Case No. CF-2002-4433, on September 14, 2005. See Dkt. # 21; Docket Sheet, viewed at www.oscn.net. On September 27, 2005, Petitioner filed an amended application for post-conviction relief (Dkt. # 12, Ex. 4). By order filed October 21, 2005, the state district court denied post-conviction relief. See Dkt. # 12, Ex. 5. Petitioner appealed. By Order filed February 7, 2006, in PC-2005-1136 (Dkt. # 12, Ex. 5), the OCCA affirmed the denial of post-conviction relief. In affirming the denial of post-

2

conviction relief, the OCCA addressed one claim: ineffective assistance of appellate counsel. Petitioner identified seven (7) claims omitted by appellate counsel.

On February 14, 2006, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1), identifying four (4) grounds of error, as follows:

Ground 1: Petitioner was denied effective assistance of appellate counsel where counsel failed to [raise] meritorious issues on appeal that would have resulted in reversal of the conviction.

Ground 2: Petitioner's separate sentences for a single act of possessing narcotics violated the prohibitions against double punishment for a single transaction.

Ground 3: The trial court erred when it allowed the State to introduce evidence of another crime without first making a showing that such evidence was admissible.

Ground 4: Under the facts and circumstances of this case, Petitioner received excessive sentences.

(Dkt. # 1). On May 16, 2006, Respondent filed a response (Dkt. # 12), arguing that Petitioner is not entitled to habeas corpus relief. Petitioner filed a reply (Dkt. # 18). Upon review of the petition and the briefs filed by the parties, the Court finds the petition for writ of habeas corpus should be denied.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement is satisfied in this case because Petitioner's claims were fairly presented to the OCCA on either direct or post-conviction appeal.

3

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when a state court has adjudicated a claim a petitioner may obtain federal habeas corpus relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated Petitioner's claims on direct and post-conviction appeal. Therefore, to the extent Petitioner's claims are cognizable, the claims shall be reviewed pursuant to § 2254(d).

**1. Ineffective assistance of appellate counsel (ground 1)**

As his first ground for relief, Petitioner contends that his appellate counsel provided ineffective assistance. See Dkt. # 1. On post-conviction appeal, the OCCA considered whether omission of the following seven (7) claims constituted ineffective assistance: (1) deprivation of effective assistance of trial counsel due to a conflict of interest; (2) insufficiency of the search

warrant affidavit; (3) failure to file the search warrant, the affidavit for search warrant, and search warrant return in the case as required by Oklahoma law; (4) failure to instruct the jury on the lesser included offenses of possession of cocaine with intent to distribute and possession of cocaine; (5) failure to instruct the jury on the burden of proof regarding sentence enhancement; (6) failure to suppress evidence because the search warrant was for a daytime search and the search was conducted at night; and (7) cumulative effect of all errors deprived Petitioner of a fair trial. See Dkt. # 12, Exs. 4 and 5. The OCCA discussed each of the allegations of ineffective assistance of appellate counsel as raised on post-conviction appeal, and found that Petitioner had failed to demonstrate that the state district court's rejection of this claim under Strickland v. Washington, 466 U.S. 668 (1984), was erroneous. See Dkt. # 12, Ex. 5.

Ineffective assistance of counsel claims are governed by the standard announced in Strickland. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); United States v. Cook, 45 F.3d 388, 394-95 (10th Cir. 1995). The standard applies to claims of ineffective assistance of both trial and appellate counsel. Cook, 45 F.3d at 392. The Strickland test requires a showing of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient performance. Strickland, 466 U.S. at 687. Failure to establish either prong of the Strickland standard will result in denial of relief. Id. at 696.

To satisfy the deficient performance prong of the test, Petitioner must overcome a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance [that] . . . might be considered sound trial strategy." Brecheen v. Reynolds, 41 F.3d 1343, 1365 (10th Cir. 1994) (citations omitted). "A claim of ineffective assistance must be reviewed from the perspective of counsel at the time and therefore may not be predicated on the distorting effects of

5

hindsight." Id. (citations omitted). Finally, the focus of the first prong is "not what is prudent or appropriate, but only what is constitutionally compelled." Id. To establish the prejudice prong of the test, Petitioner must show that the allegedly deficient performance prejudiced the defense; namely, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir.1998) (citing Cook, 45 F.3d at 392-93). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. In this case, the Court shall examine the merits of the seven (7) issues omitted by appellate counsel.

### a. Ineffective assistance of trial counsel due to conflict of interest

On post-conviction appeal, Petitioner first claimed his appellate counsel failed to raise a claim that his trial counsel was ineffective due to a conflict of interest. See Dkt. # 12, Ex. 5. Specifically, Petitioner complained that because he was unable to pay his attorney, the attorney worked under a conflict of interest and the quality of the representation was adversely affected. The OCCA noted that "Petitioner cites no authority that holds that an attorney's desire to be paid constitutes a conflict of interest." See Dkt. # 12, Ex. 5.

The Court finds Petitioner has failed to demonstrate that the OCCA's rejection of this claim on post-conviction appeal was contrary to or an unreasonable application of Supreme Court law as

required by 28 U.S.C. § 2254(d).  In order to establish a violation of the Sixth Amendment based on a conflict of interest, "a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980).  Where the defendant makes a timely objection pointing out a conflict of interest, prejudice is presumed if the trial court fails to make an adequate inquiry into the situation and take appropriate steps. Selsor v. Kaiser, 22 F.3d 1029, 1032-33 (10th Cir. 1994) (citing Holloway v. Arkansas, 435 U.S. 475, 484 (1978)).  "Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests'. . . ." Strickland, 466 U.S. at 692 (quoting Cuyler, 446 U.S. at 350). The mere possibility of a conflict of interest "is insufficient to impugn a criminal conviction." Cuyler, 446 U.S. at 350. Furthermore, to demonstrate a Sixth Amendment violation where the trial court failed to inquire into potential conflict of interest about which it knew or reasonably should have known, the defendant has to establish that this conflict of interest adversely affected counsel's performance. Mickens v. Taylor, 535 U.S. 162 (2002) (capital case involving alleged conflict of interest resulting from defense attorney's representation of defendant's victim at time of murder).

The record reflects that Petitioner's trial counsel, Ronald L. Daniels, attempted to withdraw, but only after the trial concluded. See Dkt. # 12, Ex. 7, page 9 of 9.  Nothing in the record before the Court indicates that Petitioner lodged an objection prior to or during trial concerning the alleged conflict of interest.  As a result, under Supreme Court precedent, he must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. Cuyler, 446 U.S. at 348.  This Court has reviewed the trial transcripts. That record reflects that Mr. Daniels was prepared for trial. Mr. Daniels thoroughly cross-examined the State's witnesses and attempted to develop, primarily

through Petitioner's testimony, the defense that the large bag of cocaine, weighing more than nine (9) ounces, did not belong to Petitioner. See Dkt. # 13, Tr. Trans. Vol. III at 323-49. In spite of Mr. Daniels' efforts, the jury believed the State's witnesses and found Petitioner guilty. Based on review of the record, the Court finds Petitioner has failed to make the required showing for a conflict of interest and his claim of ineffective assistance of appellate counsel is without merit. Therefore, he has failed to demonstrate that the OCCA's resolution of this claim on post-conviction appeal was contrary to or an unreasonable application of Strickland.

### *b. Sufficiency of the search warrant affidavit*

On post-conviction appeal, Petitioner argued that the search warrant was issued without probable cause because it relied upon statements from a confidential informant. In rejecting this claim, the OCCA clarified that the information obtained from the confidential informant was merely the basis for the police to suspect Petitioner's involvement in drug dealing. According to the OCCA, "[t]he basis for the warrant itself was the discovery of plastic baggies in Petitioner's trash that field tested positive for cocaine." See Dkt. # 12, Ex. 5. That is a finding of fact entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Petitioner has failed to rebut that finding of fact with clear and convincing evidence. Id. Based on the OCCA's finding of fact, appellate counsel did not provide ineffective assistance in failing to challenge the sufficiency of the search warrant because the claim lacks merit. Under the circumstances of this case, a challenge to the sufficiency of the warrant on direct appeal would not have been successful. Therefore, Petitioner has failed to demonstrate that the OCCA's resolution of this claim on post-conviction appeal was contrary to or an unreasonable application of Strickland.

### *c. Failure to file the search warrant papers in the case*

Petitioner next argues that the search warrant, the affidavit, and the warrant return were not filed in his case as required by Okla. Stat. tit. 22, § 1224.2. The OCCA rejected this argument as a basis for ineffective assistance of appellate counsel, noting that "Petitioner cites no authority holding that a defendant is entitled to relief on appeal if he establishes a lack of compliance with this statute." See Dkt. # 12, Ex. 5. Under Oklahoma law, the statutory requirement that the search warrant and related documents be filed of record is ministerial only. See Wright v. State, 552 P.2d 1157, 1161 (Okla. Crim. App. 1976), *overruled on other grounds*, Brown v. State, 565 P.2d 697, 701 (Okla. Crim. App. 1977). Failure to comply with a ministerial requirement will not invalidate an otherwise proper search warrant, see id.; Gamble v. State, 546 P.2d 1336, 1343 (Okla. Crim. App. 1976), and, as determined by the OCCA, no authority holds that a defendant would be entitled to relief on appeal for lack of compliance. As a result, Petitioner has not satisfied the prejudice prong of Strickland and appellate counsel did not provide ineffective assistance in failing to raise this claim on direct appeal.

### *d. Failure to instruct the jury on lesser included offenses and burden of proof*

Petitioner asserts that appellate counsel should have argued that the trial court erred in failing to issue instructions on the lesser included offenses of Possession with Intent to Distribute and Unlawful Possession of a Controlled Drug and to issue an instruction defining the burden of proof for sentence enhancement based on Petitioner's prior felony conviction. The OCCA rejected these claims finding that Petitioner had not established ineffective assistance of appellate counsel because he failed to "present a record of the jury instructions given in Petitioner's matter." See Dkt. # 12, Ex. 5. Thus, the OCCA did not consider the merits of the ineffective assistance of appellate counsel

9

claim but instead imposed a procedural bar as a result of Petitioner's failure to provide the record necessary for review of the claims.

Regardless of the procedural posture of this claim, the Court finds appellate counsel did not provide ineffective assistance in failing to challenge the omission of lesser included offense instructions and the burden of proof instruction. As argued by Respondent, Petitioner was not entitled to an instruction on Possession With Intent to Distribute. The OCCA has consistently held that Possession With Intent to Distribute is not a lesser included offense of Trafficking. See Dufries v. State, 133 P.3d 887, 891 (Okla. Crim. App. 2006); Ott v. State, 967 P.2d 472, 477 (Okla. Crim. App. 1998) (finding possession with intent to distribute "would not appear to be an appropriate lesser included offense" to the crime of drug trafficking). Furthermore, the record provided by Respondent indicates that Petitioner's jury did in fact receive an instruction for the lesser included offense of Unlawful Possession of a Controlled Drug. Pursuant to Instruction No. 18, see Dkt. # 12, Ex. 7, the jury was instructed that "[i]f you have a reasonable doubt of the defendant's guilt of the charge of Trafficking in Illegal Drugs, you must then consider the charge of Unlawful Possession of Controlled Drug After Former Conviction of a Felony." Because Petitioner's jury was instructed on the lesser-included offense of Possession of a Controlled Drug and because Possession of a Controlled Drug With Intent to Distribute is not a lesser-included offense of Trafficking, Petitioner would not have received relief on direct appeal had his attorney raised a claim concerning lesser included offense instructions and his claim of ineffective assistance of appellate counsel fails.

Petitioner's claim concerning the trial court's failure to instruct on the burden of proof regarding his prior felony conviction also lacks merit. Petitioner testified at trial and admitted that he had a prior felony conviction. See Dkt. # 13, Tr. Trans. at 324. As a result, no question of fact

10

remained for the jury to decide and Petitioner waived the necessity of conducting a second stage to determine the validity of his prior conviction. See Camren v. State, 815 P.2d 1194, 1196 (Okla. Crim. App. 1991); Dodd v. State, 982 P.2d 1086, 1088 (Okla. Crim. App. 1999). Appellate counsel did not provide ineffective assistance in failing to raise this claim because it lacks merit.

### *e. Failure to suppress evidence based on invalid execution of the search warrant*

Petitioner next complains that the search warrant was issued for a daytime search but the execution took place at night resulting in an unconstitutional search. The OCCA rejected this claim after citing to the record indicating that defense counsel twice moved to suppress evidence and both requests were overruled and finding that Petitioner had failed to overcome the presumption of correctness afforded the trial court's rulings. See Dkt. # 12, Ex. 5.

Under Oklahoma law, a search warrant for an occupied dwelling must be served between the hours of 6:00 a.m. and 10:00 p.m. See Okla. Stat. tit. 22, § 1230. Officer Diana Liedorff testified at trial that the search warrant was executed at approximately 8:46 p.m. See Dkt. # 13, Tr. Trans. at 222. Petitioner testified that he was at the liquor store just prior to 9:00 p.m. and that the search warrant could not have been served at 8:45 p.m. as indicated by the police officers. Id. at 331. Petitioner testified that the warrant was served between 9:30 and 9:45 p.m. Id. Regardless of whether the search warrant was executed at 8:46 p.m. or as late as 9:45 p.m., nothing suggests that the warrant was executed after 10:00 p.m. Thus, execution of the warrant complied with Oklahoma law. This claim lacks merit and, as a result, appellate counsel did not provide ineffective assistance of counsel in failing to raise it.

### *f. Cumulative error*

As his final claim of ineffective assistance of appellate counsel, Petitioner complains that appellate counsel omitted a claim of cumulative error. The OCCA rejected the claim because the omitted claims either lacked merit or were not substantiated by the record. See Dkt. # 12, Ex. 5. The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having rejected each of Petitioner's claims underlying his claim of ineffective assistance of appellate counsel, the Court finds no basis for a cumulative error analysis. The OCCA's resolution of Petitioner's claim of ineffective assistance of appellate counsel for omitting a cumulative error claim was not an unreasonable application of federal law. Petitioner is not entitled to relief on this ground.

In summary, Petitioner has failed to demonstrate that the OCCA's adjudication of his claim of ineffective assistance of appellate counsel was contrary to or an unreasonable application of Strickland. Petitioner is not entitled to habeas corpus relief. 28 U.S.C. § 2254(d).

**2. Double punishment (ground 2)**

As his second proposition of error, Petitioner complains that his convictions on Count 1, Trafficking (Cocaine), and Count 3, Unlawful Possession of a Controlled Drug (Ecstasy), violated the prohibitions against double jeopardy. Petitioner raised this claim on direct appeal where it was rejected by the OCCA, as follows:

> Appellant's convictions for Trafficking and Possession of CDS do not violate double jeopardy. Evidence of the cocaine found in the closet supported the trafficking conviction. While evidence of the ecstasy tablet found in the dresser drawer supported the conviction for possession of CDS. Therefore, as the evidence

> supporting the two offenses was different, and as the two offenses were comprised of different elements (although they had certain elements in common) there was no double jeopardy violation. 21 O.S.2001, § 11; *Hale v. State*, 888 P.2d 1027, 1029 (Okl.Cr.1995).

(Dkt. # 12, Ex. 3).

First, to the extent Petitioner claims that he has suffered multiple punishments in violation of Oklahoma statutory law, the Court finds the claim should be denied because it is not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2254(a). Petitioner's multiple punishment claim, insofar as it is based on an Oklahoma statute, Okla. Stat. tit. 21, § 11, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

Nor is Petitioner entitled to relief under § 2254(d) on his double jeopardy claim. The Double Jeopardy Clause protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989). This protection is limited to ensuring "that the sentencing discretion of courts is confined to the limits established by the legislature," for it is the legislature that is vested with "the substantive power to prescribe crimes and determine punishments." Ohio v. Johnson, 467 U.S. 493, 499 (1984). Thus, when a course of criminal conduct violates two statutory provisions, the test to determine whether the punishments are "multiple," in violation of the Double Jeopardy Clause, is "essentially one of legislative intent." Id.; see also Missouri v. Hunter, 459 U.S. 359, 365 (1983).

In the absence of clear legislative intent, courts must apply the Blockburger test, which states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

In this case, the evidence supporting Petitioner's convictions for Trafficking and Possession of Controlled Dangerous Substance was different. Furthermore, the crimes of Trafficking and Possession of a Controlled Dangerous Substance are separate crimes under Oklahoma law. They require proof of distinct facts and elements, even though some of the facts supporting each crime may overlap. See Brown v. Ohio, 432 U.S. 161, 166 (1977) (holding that "[i]f each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes"). The OCCA's rejection of this claim was not an unreasonable application of federal law as determined by the Supreme Court. Therefore, Petitioner is not entitled to relief under 28 U.S.C. § 2254(d) on his ground two claim.

**3. Evidentiary ruling by trial court (ground 3)**

As his third ground of error, Petitioner contends that the trial court erroneously allowed the State to introduce evidence of other crimes without first making a showing of admissibility. The record reflects that while police officers were executing the search warrant at Petitioner's house located at 1812 E. Xyler St., other police officers were simultaneously executing a search warrant at the apartment of Megan Black, Petitioner's girlfriend. The search of the girlfriend's apartment yielded 103 grams of cocaine and a set of digital scales. None of the charges filed in Tulsa County District Court, Case No. CF-2002-4433, was based on the evidence recovered from Megan Black's

apartment. Petitioner testified at trial. During his cross-examination, the prosecutor questioned Petitioner concerning the search of his girlfriend's apartment. The trial court judge overruled defense counsel's objection and allowed the line of questioning to proceed. On direct appeal, Petitioner challenged the trial court's ruling allowing the testimony concerning the cocaine discovered at his girlfriend's apartment because it was evidence of a crime for which Mr. Crutcher was not on trial. The OCCA rejected this claim, finding as follows:

> the other crimes evidence was properly admitted once Appellant opened the door during his testimony to evidence of the cocaine found at his girlfriend's home. Appellant's testimony denying his statements to Officer Ledbetter taking responsibility for the drugs at his residence, testimony that there were not other drugs found which he took responsibility for (contrary to his statement made at the scene to Ledbetter taking responsibility for the drugs found at Black's) and testimony that he had spent the preceding night at Black's made the connection to the drugs found at Black's residence. An appellant will not be permitted to profit by an alleged error which he or his counsel in the first instance invited by opening the subject or by their own conduct. *Ledbetter v. State*, 933 P.2d 880, 897 (Okl.Cr.1997), *Staggs v. State*, 719 P.2d 1297, 1294 (Okl.Cr.1986).

See Dkt. # 12, Ex. 3.

Petitioner asserts that the OCCA's rejection of this claim on direct appeal was contrary to federal law and Supreme Court cases involving improperly admitted evidence of other crimes because "the evidence founded [sic] at someone's home other than the place being searched." See Dkt. # 1. "I]n a habeas proceeding . . . 'we will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995) (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991)). "[W]e approach the fundamental fairness analysis with 'considerable self-restraint.'" Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir. 1998) (quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir. 1990) (*en banc*)). A proceeding

15

is fundamentally unfair under the Due Process Clause if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973).

Petitioner's ground three claim challenging the trial court's admission of other crimes evidence is not cognizable in this habeas corpus proceeding unless Petitioner demonstrates that the ruling rendered his trial fundamentally unfair. Petitioner complains that he was prejudiced by the testimony concerning the cocaine recovered from his girlfriend's apartment. The record reflects that after the State provided notice that it intended to introduce evidence of cocaine recovered from Megan Black's apartment as proof of "intent, motive, absence of mistake and common scheme or plan," see Dkt. # 12, Ex. 7, at pages 4 and 5 of 9, defense counsel filed a motion in limine to prevent introduction of the evidence, see id. at pages 6 and 7 of 9. At the conclusion of an in-camera hearing, the trial court judge conditionally granted the motion in limine, but stated that the ruling could be reconsidered depending on the evidence presented by the defense. See Tr. Trans. at 43. As indicated above, Petitioner testified in his own defense at trial. During direct examination by defense counsel, Petitioner made statements concerning his knowledge of the cocaine found at his home which were inconsistent with prior statements he made to police. See Tr. Trans. at 334-40. He also testified that he had stayed at his girlfriend's apartment the night before the search warrant was executed. Id. at 329. Thus, he opened the door for the State to impeach him with his prior inconsistent statements concerning the cocaine recovered from his girlfriend's apartment.

As indicated above, the OCCA found that the other crimes evidence was properly admitted under Oklahoma law. Furthermore, after reviewing the arguments in the instant case, the Court finds that Petitioner has failed to demonstrate that his trial was rendered fundamentally unfair as a

result of the trial court's ruling described in ground three. As a result, he is not entitled to habeas corpus relief on this ground.

### 4. Excessive sentence (ground 4)

As his fourth proposition of error, Petitioner alleges that his sentence is excessive. On direct appeal, Petitioner acknowledged that the sentences were within the range of punishment provided by law, but argued that the sentence should be modified in "the interests of justice." See Dkt. # 12, Ex. 1 at 15. The OCCA rejected this claim on direct appeal, citing Freeman v. State, 876 P.2d 283, 291 (Okla. Crim. App. 1994), and finding that Petitioner's punishment was not excessive. (Dkt. # 12, Ex. 3). The OCCA stated that "the sentences were within statutory range and based upon properly admitted evidence." Id.

Because Petitioner had a prior felony conviction, his sentences were enhanced. Under Oklahoma law, the maximum sentence faced by Petitioner on the trafficking conviction was life imprisonment. The sentences received by Petitioner were all within the statutory range provided by Oklahoma law. Where the sentence imposed is within the maximum provided by law, as in this case, there is no basis for habeas relief. Cooper v. United States, 403 F.2d 71, 73 (10th Cir. 1968). To the extent Petitioner alleges a violation of the Eighth Amendment's prohibition on cruel and unusual punishment as the basis for his claim, the Court finds Petitioner is not entitled to relief because his sentence is not grossly disproportionate to the crimes he committed, including Trafficking in Illegal Drugs. See Hawkins v. Hargett, 200 F.3d 1279, 1282 (10th Cir. 1999); see also Rummel v. Estelle, 445 U.S. 263 (1980) (finding that a life sentence with the possibility of parole is not disproportionate for a three-time non-violent recidivist). The length of Petitioner's sentence cannot be said to be unreasonable in light of the deferential standard that binds this Court's

analysis. See Lockyer v. Andrade, 538 U.S. 63, 72-73 (2003) (observing numerous impediments to challenging the length of a prison sentence under federal habeas review). A sentence violates the Eighth Amendment only if it is "grossly disproportionate to the severity of the crime." Ewing v. California, 538 U.S. 11, 21 (2003) (quoting Rummel, 445 U.S. at 271). But "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case." Lockyer, 538 U.S. at 77. This is not that case. The OCCA's decision was not an unreasonable application of the gross disproportionality test. Thus, Petitioner is not entitled to habeas corpus relief based on any claim that his sentence is constitutionally excessive.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate judgment shall be entered in this matter.

DATED THIS 20th day of May 2009.

James H. Payne
United States District Judge
Northern District of Oklahoma